IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yopselin Mercedes Rondon,<br><br>   Petitioner,<br><br>v.<br><br>Chad Wolf, et al.,<br><br>   Respondents. | No. CV-19-05677-PHX-DLR<br><br>**ORDER** |

      Before the Court is Petitioner Yopselin Mercedes Rondon's Petition for Writ of Habeas Corpus (Doc. 1) and United States Magistrate Judge Michael T. Morrissey's Report and Recommendation ("R&R") (Doc. 18).  The R&R recommends that the Court deny the petition and dismiss it with prejudice.  The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Neither party filed objections, which relieves the Court of its obligation to review the R&R.  *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  The Court has nonetheless reviewed the R&R and finds that it is well-taken.  The Court will accept the R&R in its entirety.  *See* 28

U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS ORDERED** that Magistrate Judge Morrissey's R&R (Doc. 18) is **ACCEPTED**. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. A Certificate of Appealability is **DENIED** because dismissal is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk is directed to terminate this case.

Dated this 22nd day of September, 2020.

Douglas L. Rayes
United States District Judge